UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA BOSTON,                                     Case No. 1:10-cv-408

        Plaintiff,                                    Weber, J.
                                                     Bowman, M.J.
   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.


**REPORT AND RECOMMENDATION**

**I.    Background**

On June 21, 2010, Plaintiff filed a Social Security appeal in this Court in order to challenge the Defendant's finding that she was not disabled. *See* 42 U.S.C. §405(g). On October 17, 2011, this Court remanded the record to the Commissioner under sentence four for reconsideration. Following remand, the Commissioner issued a Notice of Award dated April 27, 2013, which found Plaintiff to be disabled.

Although Plaintiff could have sought an initial fee award under the Equal Access for Justice Act ("EAJA") within thirty (30) days of judgment being entered by this Court, she elected not to file such a motion. Instead, on September 19, 2013, Plaintiff filed a motion seeking an award of $10,093.00 in attorney's fees under 42 U.S.C. §406(b).[1] (Doc. 16). Defendant has filed no response. I now recommend granting Plaintiff's motion, subject to the condition that counsel provide additional documentation to this

---

[1] The motion reflects that counsel previously received an award of $6,000.00 for her work at the administrative level.

1

Court concerning the number of hours expended, and a copy of the contingency fee agreement.

## II. Analysis

### A. Fee Awards Under the Social Security Act

The chief differences between a fee award under the EAJA, and a fee award under the Social Security Act itself, concern time limitations on filing,[2] and the source of payment. The Defendant Commissioner is responsible for paying fee awards under the EAJA. By contrast, the Defendant will not contribute any funds toward a fee award under 42 U.S.C. §406(b). Instead, the §406(b) award is paid out of the total award made to the successful disability claimant as a result of her success following remand, thereby directly reducing her total benefits. Because the Commissioner has no financial interest in §406(b) awards, it is not uncommon, as herein, for the Commissioner not to file any response to such a motion.

Nevertheless, countless cases make clear that this Court must independently scrutinize §406(b) motions in order to avoid the unjust or unreasonable reduction of benefits. To that end, Congress has placed statutory limits on judicial approval of contingency fee agreements under §406(b). For example, a §406(b) award may not

---

[2]An EAJA motion must be filed within 30 days of the date that final judgment is entered by this Court. 28 U.S.C. §2412(d)(1)(b); (d)(2)(G). By contrast, the time for filing a petition for fees pursuant to §406(b) is governed by Rule 54(d)(2), Fed. R. Civ. P., which requires that any motion for fees be filed "no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute." Based on the Judgment date of October 17, 2011, that 14-day period expired before Plaintiff's motion was filed. However, other courts have applied Rule 54(d)(2) in combination with equitable tolling to dramatically extend the time period for filing a motion for attorney's fees under §406(b). *See, e.g., Walker v. Astrue*, 593 F.3d 274, 276 (3rd Cir. 2010); *Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007); *Reynolds v. Com'r of Soc. Sec.*, 2013 WL 3187976, ___F.R.D. ___ (W.D. Mich., June 21, 2013); *Proctor v. Com'r of Soc. Sec.*, Case No. 09-cv-127, 2013 WL 308730 (Jan. 25, 2013)(R&R applying equitable tolling where §406(b) motion filed just two days after receipt of Notice of Award, adopted on Feb. 19, 2013 at 2013 WL 607968 by Beckwith, J.). In light of the paucity of Sixth Circuit case law, equitable tolling will be applied here. However, counsel is forewarned that in the future, any §406(b)

2

exceed 25% of the past-due benefits which the claimant receives as a result of her appeal. 42 U.S.C. § 406(b). Although the 25% cap provides a ceiling, that fee is not automatically awarded. A contingency fee agreement will be given a "rebuttable presumption," but the attorney still must show, and the Court must affirmatively find, that the fee sought - even one within the 25% cap - is reasonable for the services rendered. *See Lowery v. Com'r of Soc. Sec.*, 940 F.Supp.2d 689 (S.D. Ohio 2013)(approving contingency fee reflecting hourly rate of $406.45, voluntarily reduced to 14.5% of past due benefits), *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)("While we use that [25%] mark as a starting point for the court's analysis, we emphasize that it is not to be viewed as *per se* reasonable."). In recent years, courts in this district have begun to more carefully scrutinize §406(b) motions *sua sponte*, recognizing that many such motions are unopposed given that the Defendant generally has no financial incentive to file any opposition to a fee award under the Social Security Act, as opposed to an EAJA award.

Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Lowery*, 940 F.Supp.2d at 691-692 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or when (2) "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746 There is no allegation of impropriety or ineffective

---

motion should be more timely filed, within fourteen days of the Notice of Award.

assistance in this case.  Undoubtedly, counsel has earned a reasonable fee.  The sole issue is whether the $10,093.00 sought by counsel constitutes a windfall.

### B.	The Passage of Time May Amount to a Windfall

In the present case, Plaintiff apparently received a substantial past-due benefits award for a disability period dating back to August 15, 2006.  (Doc. 16 at 3).  Although counsel's motion refers to documentation of that award as an "attached" Notice of Award, as well as to an "attached" contingency fee agreement, neither document appears in the electronic record.

The Sixth Circuit has made clear that an "inordinately large benefit award" occasioned by the passage of time may constitute a windfall of attorney's fees, irrespective of any wrongdoing by counsel. *Dearing v. Sec. of Health and Human Servs.*, 815 F.2d 1082 (6th Cir. 1987)(holding that contingency fee award could not exceed 25% of amount of back benefits accumulated by three months after the case was ready for decision, notwithstanding the fact that delay was not due to any fault of counsel); *see also Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972)(holding that "[i]n no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months of the submission of the Secretary's reply brief"), overruled in part on other grounds, *Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261 (6th Cir. 1994)(*en banc*).  *Webb*'s "three month rule" is not directly applicable to this case, since the determination of benefits was not made by this Court, but instead was left to the agency on remand.  However, the underlying principle remains a legitimate factor to consider. Courts are generally reluctant to award large contingency fees in social security cases in which the chief reason for the size of the award is the ponderous pace of the administrative process.  *See, e.g. Thatch v. Com'r*

*of Soc. Sec.*, Case No. 1:09-cv-454, 2012 WL 2885432 at 6 (N.D. Ohio, July 13, 2012)(finding it "perverse that an ultimately successful disabled claimant should be further punished by the delays of the administrative process"). In addition to the passage of seven years' delay in the award of benefits, the undersigned notes that counsel waited five months following the receipt of the Notice of Award prior to filing her motion for fees in this Court.

### C. The Standard Rate Versus Counsel's Hypothetical Rate

Another method used to evaluate the reasonableness of a contingency award made under §406(b) is to compare the "hypothetical" hourly rate, calculated by dividing the total fee by the number of hours expended, to the "standard rate" for similar cases. Although a strict "lodestar" approach would be improper, it is appropriate to consider the hypothetical rate as one factor for evaluating the reasonableness of a claimed fee in social security cases. Both the Supreme Court and the Sixth Circuit have provided lower courts with guidelines to determine whether the calculated hypothetical hourly rate is within reason, or a windfall. In *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421-22 (6th Cir. 1990), the Sixth Circuit provided the most concrete mathematical advice, suggesting that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and an hourly rate that is equal to or greater than twice the standard rate may well be reasonable, where the contract is made contingent on the client's ultimate success." *Id.*

Plaintiff's motion states that counsel expended 14.75 hours in federal court prior to obtaining an award on Plaintiff's behalf. (Doc. 16 at 6). Dividing the requested fee of $10,093.00 by 14.75 hours yields a hypothetical hourly rate of $684.27 for work performed in this Court.

5

Most attorneys who practice in the area of social security law do not have an hourly rate, but instead rely upon contingent fee agreements. However, in other recent social security cases, this Court has indicated that $350.00 to $360.00 per hour represents a "*per se* reasonable" fee under §406(b), because those hourly rates fall within the twice-the-standard-rate presumption of *Hayes*. *Accord Byers v. Astrue,* Civil Case No. 3:08-cv-92, 2012 WL 5504908 at *3 (S.D. Ohio Nov. 13, 2012)(Rice, J.)(approving hourly rate of $122.23, suggesting that rate of $350.00 might represent an appropriate upper limit)*; Jones v. Astrue*, Case No. 3:09-cv-80, 2012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012)(recommending the reduction of an effective hourly rate under a contingency agreement, from $750.00 to $360.00), adopted at 2012 WL 3763909 (S.D. Ohio, Aug. 29, 2012)(Rice, J.); *Vaughn v. Astrue*, Case No. 3:08-cv-377, 2012 WL 3585928, at *3 (S.D. Ohio Aug. 20, 2012)(finding $302.86 to be an appropriate, as less than twice a standard rate of $180.00); *Edwards v. Com'r of Soc. Sec.*, Case No. 1:08-cv-815, 2011 WL 1002186 (S.D. Ohio March 16, 2011)(Dlott, J., approving calculated hourly rate of $312.26 as "less than twice the $165 hourly rate approved by this Court in the award of fees under the EAJA."); *Stonitsch v. Astrue*, Case No. 1:09-cv-593, 2012 WL 5378744 (S.D. Oct. 30, 2012)(Spiegel, J.)(reducing "unreasonable" hourly rate from $600.17 to $360.00).

      **D.**    **All Things Considered, A Reasonable Fee**

According to the motion, the contingency fee agreement provides for 25% of past-due benefits. However, it appears that the full contracted fee would result in an inordinately large sum due primarily to the passage of time (seven years). Considering further that the motion is technically untimely (but for equitable tolling), some reduction in the award is required to prevent a windfall. Reviewing all relevant factors including

6

the ultimate success of the Plaintiff, and in recognition of counsel's experience and skill, a fee at the high end of the hypothetical hourly range is appropriate. Accordingly, the undersigned recommends that Plaintiff's counsel be awarded a total fee of $5,900.00, representing a fee under §406(b) that reflects a hypothetical hourly rate of $400.00 x 14.75 hours.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Plaintiff's motion for attorney's fees (Doc. 16) be **GRANTED IN PART**, with Plaintiff's counsel to be awarded a total fee under 42 U.S.C. §406(b) of $5,900.00.

    */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

7

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| PATRICIA BOSTON, | Case No. 1:10-cv-408 |
| Plaintiff, | Weber, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).