# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PATRICIA BOSTON,   Case No. 1:10-cv-408

      Plaintiff,   Weber, J.
                                  Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On June 21, 2010, Plaintiff filed a Social Security appeal in this Court in order to challenge the Defendant's finding that she was not disabled. *See* 42 U.S.C. §405(g). On October 17, 2011, this Court remanded the record to the Commissioner under sentence four for reconsideration. Following remand, the Commissioner issued a Notice of Award dated April 27, 2013, which found Plaintiff to be disabled.

Although Plaintiff could have sought an initial fee award under the Equal Access for Justice Act ("EAJA") within thirty (30) days of judgment being entered by this Court, she elected not to file such a motion. Instead, on September 19, 2013, Plaintiff filed a motion seeking an award of $10,093.00 in attorney's fees under 42 U.S.C. §406(b).[1] (Doc. 16). On January 7, 2014, I recommended granting Plaintiff's motion, subject to the condition that counsel provide additional documentation to this Court concerning the number of hours expended, and a copy of the contingency fee agreement. (Doc. 18).

---

[1] The motion reflects that counsel previously received an award of $6,000.00 for her work at the

On January 24, 2014, Plaintiff filed both objections to the prior Report and Recommendation ("R&R"), and part of the additional documentation requested, filing a copy of her contingency fee agreement.[2] Having reviewed the additional documentation, this Supplemental R&R reaffirms the analysis of the prior R&R. As previously explained, the undersigned concludes that the fee sought in this case should be reduced for several reasons, including but not limited to the fact that the passage of time would otherwise create a "windfall" fee award. While cases may yet be found that express a contrary view, multiple unpublished cases, as previously cited, reflect increased scrutiny given to §406(b) awards by most judges in this district. In accord with those cases, though not previously cited, is *Stonitsch v. Astrue*, Case No. 1:09-cv-593, 2012 WL 5378744 (S.D. Ohio, Oct. 30, 2012). *Stonitsch* is notable to the extent that it involved the same counsel as appears herein. There, U.S. District Judge S. Arthur Spiegel adopted similar reasoning to that used by the undersigned when he reduced counsel's contingency fee from a fee that represented a hypothetical hourly rate of $600.17 to one that reflected $360.00 per hour.

For the reasons explained in the January 24, 2014 R&R and reaffirmed herein, **IT IS RECOMMENDED THAT** Plaintiff's motion for attorney's fees (Doc. 16) be **GRANTED IN PART**, with Plaintiff's counsel to be awarded a total fee under 42 U.S.C. §406(b) of $5,900.00.

                                                 */s Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

---

administrative level.

[2] Counsel has never submitted an affidavit or other record explaining the tasks for which time was expended in this Court as is customary with motions seeking a fee award. Nevertheless, the undersigned previously accepted the representation in counsel's prior motion that she expended at total of 14.75 hours on this case.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA BOSTON,                                              Case No. 1:10-cv-408

        Plaintiff,                                             Weber, J.
                                                              Bowman, M.J.
   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).