IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**PATRICIA BOSTON**,

        **Plaintiff**

    v.                                C-1-10-408

**COMMISSIONER OF SOCIAL SECURITY**,

        **Defendant**

## ORDER

This matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 18), plaintiff's objections thereto (doc. no. 20), the Supplemental Report and Recommendation of the Magistrate Judge (doc. no. 22) and plaintiff's objections (doc. no. 23).

Plaintiff's attorney requests an award in the amount of $10,093.00, which represents approximately 25% of the past-due benefits payable to the plaintiff, minus $6,000.00 received for attorney's fees earned before the Commissioner. The Commissioner has not filed a response to the objections.

Under 42 U.S.C. § 406(b), an attorney who represents a claimant is entitled to a reasonable fee not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. The statute does not contain explicit guidelines for determining the reasonableness of a given fee request. It is the responsibility of the Court to determine a reasonable fee based upon the services rendered in each case. Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) (en banc).

The Commissioner's regulations note that when the Social Security Administration evaluates fee requests, it should consider not only the underlying purpose of the Act, but also the extent and type of legal services provided by the attorney, the relative complexity of the case, the level of skill and competence required, the amount of time spent on the case, the results achieved and the level at which a favorable determination was rendered. Id. at 745; 20 C.F.R. § 404.1725(b).

This Court remanded the case to the Commissioner who did not object to the remand. Claimant was entitled to apply for reimbursement of her attorney's fees incurred before this Court under

the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  None was made.

In the typical case, the quantity and quality of an attorney's services is not causally connected to the amount of benefits obtained. Rather, the size of the claimant's recovery depends on factors such as the claimant's past earnings, the number of dependents and, unfortunately, the delay inherent in the administrative and judicial processes.  Accordingly, the United States Court of Appeals for the Sixth Circuit has counseled that courts should not routinely approve the statutory maximum but that 25% should be used as a bench mark and it should be given the weight ordinarily accorded a rebuttable presumption.  The Court may also consider the contingent nature of the compensation, the fee contract between the attorney and the claimant, and the time statements, if any, submitted by the attorney. Although relevant, these factors are not necessarily dispositive and the Court is not bound to award attorney's fees according to the fee contract.

4

The Sixth Circuit has made clear that an "inordinately large benefit award" occasioned by the passage of time may constitute a windfall of attorney's fees, irrespective of any wrongdoing by counsel. *Dearing v. Sec. of Health and Human Servs.*, 815 F.2d 1082 (6th Cir. 1987)(holding that contingency fee award could not exceed 25% of amount of back benefits accumulated by three months after the case was ready for decision, notwithstanding the fact that delay was not due to any fault of counsel); *see also Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972)(holding that "[i]n no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months of the submission of the Secretary's reply brief"), overruled in part on other grounds, *Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261 (6th Cir. 1994)(*en banc*). *Webb*'s "three month rule" is not directly applicable to this case, since the determination of benefits was not made by this Court, but instead was left to the agency on remand. The underlying principle, however, remains a legitimate factor to consider. Courts are generally reluctant to award large contingency fees in social security cases in which the chief reason for the size of the award is the ponderous pace of the

5

administrative process. *See, e.g. Thatch v. Com'r of Soc. Sec.*, Case No. 1:09-cv-454, 2012 WL 2885432 at 6 (N.D. Ohio, July 13, 2012)(finding it "perverse that an ultimately successful disabled claimant should be further punished by the delays of the administrative process").

In *Hayes v. Sec'y of Health & Human Servs*., 923 F.2d 418, 421-22 (6th Cir. 1990), the Sixth Circuit provided the most concrete mathematical advice, suggesting that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and an hourly rate that is equal to or greater than twice the standard rate may well be reasonable, where the contract is made contingent on the client's ultimate success."

Counsel's motion states that she expended 14.75 hours in federal court prior to obtaining an award on Plaintiff's behalf. (Doc. 16 at 6). Dividing the requested fee of $10,093.00 by 14.75 hours yields a hypothetical hourly rate of $684.27 for work performed in this Court.

In recent social security cases, this Court has indicated that $350.00 to $360.00 per hour represents a "*per se* reasonable" fee under §406(b), because those hourly rates fall within the

6

twice-the-standard-rate presumption of *Hayes*. *Accord Byers v. Astrue*, Civil Case No. 3:08-cv-92, 2012 WL 5504908 at *3 (S.D. Ohio Nov. 13, 2012)(Rice, J.)(approving hourly rate of $122.23, suggesting that rate of $350.00 might represent an appropriate upper limit); *Jones v. Astrue*, Case No. 3:09-cv-80, 2012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012)(recommending the reduction of an effective hourly rate under a contingency agreement, from $750.00 to $360.00), adopted at 2012 WL 3763909 (S.D. Ohio, Aug. 29, 2012)(Rice, J.); *Vaughn v. Astrue*, Case No. 3:08-cv-377, 2012 WL 3585928, at *3 (S.D. Ohio Aug. 20, 2012)(finding $302.86 to be an appropriate, as less than twice a standard rate of $180.00); *Edwards v. Com'r of Soc. Sec.*, Case No. 1:08-cv-815, 2011 WL 1002186 (S.D. Ohio March 16, 2011)(Dlott, J., approving calculated hourly rate of $312.26 as "less than twice the $165 hourly rate approved by this Court in the award of fees under the EAJA."); *Stonitsch v. Astrue*, Case No. 1:09-cv-593, 2012 WL 5378744 (S.D. Oct. 30, 2012)(Spiegel, J.)(reducing "unreasonable" hourly rate from $600.17 to $360.00).

**Plaintiff's Objection**

Plaintiff argues that in the instant case, 25% of plaintiff's past due benefits is $16,093.00, but plaintiff has requested only $10,093.00. This credit is given to plaintiff by counsel because counsel received $6,000.00 from the Commissioner for her service performed before the administrative agency. The attorney services in this Court resulted in the remand. While this Court facilitated further consideration of plaintiff's claim, the benefits received by plaintiff resulted from the attorney services performed before the Commissioner. The attorney's fees for these services were determined to be $6,000.00.

The benefit to the plaintiff of the 14.75 hours of attorney services before this Court was the remand which the Commissioner accepted without objection (doc. no. 14). Had plaintiff requested fees under EAJA, she could have been reimbursed for the 14.75 hours of attorney services. Arguably, one might say that plaintiff's attorney's fees should have been entirely the obligation of the Commissioner in this case rather than diminishing the funds available to plaintiff.

8

The Magistrate Judge did consider that plaintiff lost her right to EAJA fees, but followed the reasoning of Judge Spiegel and found that the attorney's request for fees in the amount of $10,093.00 should be reduced because of a windfall caused by the delay inherent in the administrative and judicial processes.

## CONCLUSION

For the reasons explained in the January 07, 2014 Report and Recommendation (doc. no. 18), reaffirmed in the Supplemental Report and Recommendation (doc. no. 22) and upon *de novo* consideration of the record, the Court ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation (doc. no. 18) and the Supplemental Report and Recommendation (doc. no. 22) of the United States Magistrate Judge. Plaintiff's counsel's Motion for Approval of Attorney Fees (doc. no. 16) is GRANTED IN PART. Plaintiff's counsel is awarded a total fee of $5,900.00, representing a fee under 42 U.S.C §406(b) reflecting an hourly rate of $400.00 for 14.75 hours rather than the requested hypothetical rate of $684.27 an hour. Accordingly, the Commissioner of Social Security is ORDERED to pay the sum of $5,900.00 directly to Shoshana R. Pehowic, Esq., <u>Hayes v. Secty. of</u>

**Health and Human Services**, 916 F.2d 351 (6th Cir. 1990), **aff'd. on rehearing as modified**, 923 F.2d 418 (6th Cir. 1991).

**IT IS SO ORDERED.**

                                             **s/Herman J. Weber**
                                     **Herman J. Weber, Senior Judge**
                                        **United States District Court**